F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY PATRICK BARR,

　　　　　Petitioner - Appellant,

v.

RICHARD SOARES, Superintendant,
Limon Correctional Facility;
COLORADO DEPARTMENT OF
CORRECTIONS; and ASSISTANT
COLORADO ATTORNEY
GENERAL, or attorney for
respondents; additional respondent for
the above respondents,

　　　　　Respondents - Appellees.

No. 99-1003

(D.C. No. 98-D-2071)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner is currently in the custody of the Colorado Department of Corrections. For a period of time he was transferred under contract to three different facilities in Texas and then returned to Colorado. He filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is illegally confined in Colorado. He asserts that he is entitled to be released from custody because Colorado lost jurisdiction over him by illegally transferring him to Texas prisons. Notwithstanding Petitioner's failure to exhaust his state remedies, the district court dismissed the petition on the merits and subsequently denied Petitioner's motion for rehearing and motion seeking relief from judgment. The court also denied Petitioner's application to proceed on appeal *in forma pauperis* and his application for a certificate of appealability, both of which Petitioner has now renewed in this court.

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Having reviewed the briefs and the record, we conclude that Petitioner has failed to make the requisite showing. Neither the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983). Nor has Colorado created any liberty interest in remaining in a facility within Colorado. To the contrary, Colo. Rev. Stat. § 17-1-105(1)(f) specifically provides that the Department of Corrections

-2-

has "[t]he authority to enter into contracts and agreements with other jurisdictions, including other states, the federal government, and political subdivisions of this state, for the confinement and maintenance of offenders sentenced to imprisonment by the courts of this state." Nothing in the Western Interstate Corrections Compact, Colo. Rev. Stat. §§ 24-60-801 through 24-60-805, is to the contrary.

For these reasons, as more fully set out in the district court's Order of Dismissal filed October 23, 1998, we deny Petitioner's application for a certificate of appealability and we dismiss the appeal.[1]

DENIED and DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]We grant the application to proceed on appeal *in forma pauperis*.